## BUTTRICK vs. GILMAN.

ERROR: *One objection to evidence waived by stating only another.*—EVIDENCE: *Action for professional services; proof of unskillful performance, under a general denial.*

1. A judgment will not be reversed for the admission of evidence, where the only valid objection to it—viz., that the question put was not in the proper *form*—was not taken at the trial, but it was objected to *in toto*.

2. In an action for services of an attorney-at-law, on a *quantum meruit*, evidence is admissible *under a general denial* to show that the services were unskillfully performed.

APPEAL from the County Court of *Milwaukee* County.

Action for personal services rendered by the firm of Buttrick & Hill in the prosecution of certain suits for the plaintiff in the U. S. Circuit Court for the district of Wisconsin; plaintiff claiming as assignee of said firm. Answer, a denial of indebtedness, with an allegation that plaintiff had paid said firm for the services so rendered $500, and that this was their full value. The evidence taken at the trial, as to the amount and value of the services in question, was voluminous, including the testimony of Edward J. Hill, Esq. (one of said firm of Buttrick & Hill), Thos. L. Ogden, Esq., and other practicing attorneys, for the plaintiff, and Levi J. Merrick, Esq., and Joshua Stark, Esq., and others, practicing attorneys, for the defendant. The questions which arose upon the admission and refusal of evidence, so far as they are passed upon by this court, will sufficiently appear from the opinion.

Verdict for the plaintiff for the full amount claimed; new trial denied; and the defendant appealed from a judgment on the verdict.

*Jason Downer*, for appellant, to the point that the question put to the witness Ogden should have been hypothetical in form — viz., whether the bill rendered by Buttrick & Hill was a reasonable one, if Hill's testimony was true—cited *Wright v. Hardy (ante,* p. 348), Whart. & S. Med. Jur., § 94, and cases there cited. To the point that evidence of the unskillful performance of the services in question should have been admitted, he cited *Bellinger v. Craigue,* 31 Barb., 534; *Raymond v. Richardson,* 4 E. D. Smith, 172; *Gleason v. Clark,* 9 Cow., 59.

*Brown & Pratt, contra,* as to the first point, cited *Beekman*
VOL. XXII.—24.

*v. Platner*, 15 Barb., 550; and as to the second, *McKyring v. Bull*, 16 N. Y., 297.

PAINE, J.   On the trial in the court below, after the witness Hill had testified as to the legal services rendered by himself and the plaintiff for the defendant, and as to the amount charged, the witness Ogden, who had heard the testimony of Hill, was asked if the bill rendered by Hill and the plaintiff was a reasonable one.   The question was objected to, on the ground that the witness should not base his answer on the testimony of Hill; but the objection was overruled.   It is urged that this was error; but the only objection taken to the question here was, that its form was improper, it not being stated hypothetically.   It is said the question should have been: "If the testimony of Hill is true, then what were the services worth?"   Conceding this, yet the objection taken in the court below did not present this question.   That went to the substance of the evidence, not to the form of the question.   It can only be understood as claiming that Ogden should not be allowed to testify at all to the value of services which he only knew to have been rendered from the testimony of another witness.   It was not contended here that such is the law. And that objection having been properly overruled, the evidence cannot be questioned here because it might have been successfully objected to upon some other ground. All objections as to the mere form of the question were waived by the objection actually taken upon another ground, without mentioning them.

But we think there was error in excluding the evidence sought to be called out by the defense, to show that the services were negligently and unskillfully performed.   The offers upon this point are not as full and distinct as they might have been.   The witness Merrick was asked whether,

after the complaints were filed, the suits were attended to as they ought to have been. Stark was asked whether a lawyer who was attorney for plaintiff did his duty, if, when the time was fixed for taking testimony, he neglected to attend, and suffered the time to elapse. These questions were objected to for irrelevancy, and the objection was sustained. It seems clear that such evidence would not be irrelevant. If the services were negligently and unskillfully performed, that goes directly to their value, which was the very question in issue by the pleadings.

The counsel for the respondent did not contend in this court that such evidence would be irrelevant; but he claimed that it was inadmissible under the pleadings, as the answer had not alleged negligence or unskillfulness. And in support of this position he cited *McKyring v. Bull*, 16 N. Y., 297. But that case related only to the admissibility of evidence of payment or part payment without its being alleged in the answer. It is settled in accordance with that decision, that new matter, as payment clearly is, which confesses and avoids the plaintiff's cause of action, must be pleaded. But in an action for the value of services, evidence of negligence or unskillfulness in performing them is not of this character. On the contrary, so far as it has effect, it goes to the original existence of any cause of action at all. In such an action, this kind of evidence is admissible under a general denial in the answer. *Raymond v. Richardson*, 4 E. D. Smith, 171; *Bellinger v. Craigue*, 31 Barb., 534. For excluding this evidence the judgment must be reversed, and a new trial ordered.

*By the Court.*—Ordered accordingly.